DECISION AND JUDGMENT ENTRY
The Jackson County Municipal Court convicted the appellant, Spring Kerr, of petty theft for allegedly shoplifting a T-shirt from a Wellston store. The appellant raises a single assignment of error on this appeal: "The trial court erred in rendering a decision which was against the manifest weight of the evidence."
We agree with the appellant that the evidence adduced at trial was woefully short of establishing proof beyond a reasonable doubt. Accordingly, we reverse.
 I.
On April 16, 1999, April Faught saw the appellant pull something out of her jacket after the two women left Manring's Wholesale store in Wellston. Faught became suspicious and told the store's owner, Roger Manring, that she thought the appellant had stolen an item from him. Faught also noticed an empty hanger on a rack of T-shirts displayed for sale. Based on Faught's observations, Manring filed a criminal complaint alleging that the appellant had committed a petty theft, in violation of Section 545.05 (A)(1) of the Wellston Codified Ordinances.[1] The complaint described the stolen property as "a new black T-shirt."
The case proceeded to a bench trial in the Jackson County Municipal Court. Faught and Manring were the only witnesses called by the city. Faught testified that she was browsing in Manring's Wholesale when she noticed the appellant enter the store. The appellant was in the store for only a few minutes and left at approximately the same time as Faught. The appellant's car was parked just outside the store and directly in front of Faught's vehicle. Faught testified that she saw the appellant pull a "black object from underneath her shirt" before getting into her car. According to Faught, the object appeared to be a T-shirt that had been crumpled into a ball. Faught also heard the appellant "giggle" as she got into her car before driving away with a male passenger and four children.
After making these observations, Faught went back inside the store and told Manring what she had just seen. During this conversation, Faught also noticed an empty hanger on a clothing rack where T-shirts were hanging. According to Faught, who was a regular customer at Manring's Wholesale, Manring usually kept the store neat and did not like empty hangers on display. Faught admitted on cross-examination, however, that she did not see the appellant remove anything from the store.
Manring also testified for the city. He admitted that he did not notice the appellant remove any items from the store and that he did not notice the empty hanger on the T-shirt rack until Faught pointed it out to him. Manring also acknowledged that a customer could have left the empty hanger on the rack when he or she purchased a T-shirt and admitted that it was not unusual for an empty hanger to be hanging on the clothing racks in his store. Manring confirmed that he sold black T-shirts in his store and testified that none was sold in the hour before the appellant left the store. On cross-examination, however, Manring admitted that he could not say with any degree of certainty whether a black T-shirt was missing from his inventory on the day of the alleged theft.[2]
The appellant testified on her own behalf and denied stealing anything from Manring's Wholesale. She testified that she was wearing a black jacket on the day in question, but denied that she pulled anything out from underneath it before getting into her car.
At the close of all evidence, the trial court found the appellant guilty of theft. The court reasoned that "I believe it is more than just coincidental that, uh, there was an eyewitness that saw the defendant take something from underneath her coat and through [sic] it in her car." The court imposed a thirty-day suspended jail sentence, fined the appellant $250, and placed her on one year's probation.
 II.
The appellant's only argument on this appeal is that her conviction is against the manifest weight of the evidence. When considering this type of a claim, our task as a reviewing court is to assess whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180,193. We must dutifully examine the entire record, independently weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Our review is tempered by the principle that weight and credibility of evidence are generally issues for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We will reverse a conviction as being against the manifest weight of the evidence only if it appears that the trier of fact "clearly lost its way" and created a "manifest miscarriage of justice" in its resolution of evidentiary conflicts. Thompkins at 387; State v. Garrow
(1995), 103 Ohio App.3d 368, 371. We will uphold the conviction, however, if there is substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense were established beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
In order to obtain a conviction for petty theft, the city had the burden of proving beyond a reasonable doubt that the appellant (1) knowingly, (2) obtained or exerted control over the T-shirt in question, (3) without the owner's (Manring's) consent. See Section 545.03, Wellston Codified Ordinances; R.C.2913.02. The evidence in this case does not establish these essential elements to the certainty required for a criminal conviction. A glaring weakness in the city's case is the failure to establish that a black T-shirt, let alone anything, was stolen from Manring's Wholesale on the day in question. Faught's observation of the appellant pulling a black object from underneath her jacket, even when coupled with her subsequent observation of an empty hanger in the store, does not provide a strong indication that the appellant stole a T-shirt. While Faught's testimony arguably provided circumstantial evidence of a theft, it became increasingly weak when viewed in conjunction with the remaining evidence (or lack thereof). The city never produced the allegedly stolen merchandise and there was no evidence that a stolen T-shirt was ever found in the appellant's possession. Manring further diluted the value of Faught's testimony by downplaying the significance of the empty-hanger discovery. He testified that any customer could have left a hanger on the rack and admitted that an empty hanger was not an uncommon occurrence. Most significantly, Manring could not even confirm that a black T-shirt, let alone any merchandise, was missing from his inventory on the day of the alleged theft. The city therefore lacked evidence that any property was stolen from Manring's store. Absent any evidence that the appellant obtained or exerted control over the alleged T-shirt, there is no reasoned basis for finding the appellant guilty of theft beyond a reasonable doubt. See State v. Burke
(Sept. 30, 1988), Fayette App. No. CA88-04-006, unreported (reversing theft conviction as against manifest weight of the evidence when there was no evidence that defendant had possession or control of stolen item found in his presence); see, also, State v. Galloway (Oct. 29, 1987), Cuyahoga App. No. 52668, unreported (finding insufficient evidence to support conviction for theft of money in pay phone when evidence showed that the phone's coin box was not broken into). We therefore conclude that the appellant's theft conviction is against the manifest weight of the evidence.
We realize that the appellant testified on her own behalf and denied any wrongdoing, thereby putting her credibility at issue. The trial court, as the trier of fact, was free to disbelieve the appellant's testimony and believe Faught's testimony about what Faught observed outside the store. SeeState v. Nichols (1993), 85 Ohio App.3d 65, 76. The court made clear that it believed Faught's testimony when it found the appellant guilty; it noted that it found Faught's observations "more than just coincidental." However, even if the trial court believed Faught and discredited the appellant, the fact remains that there is no evidence to show that a T-shirt was stolen from Manring's Wholesale. Regardless of whether the defendant testifies, the prosecution still bears the burden of proving all essential elements of the charged offense beyond a reasonable doubt. See State v. Arstone (Apr. 30, 1992), Cuyahoga App. No. 59770, unreported. The trial court's stated belief that Faught's observations were "more than coincidental" effectively substituted its own speculation for the city's missing evidence. See id.
The city simply failed to meet its burden of proving all the essential elements of theft beyond a reasonable doubt. We therefore sustain the appellant's assignment of error, reverse the judgment of the municipal court, and remand for a new trial.[3]
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment and Opinion
ABELE, J.: Concurs in Judgment and Opinion with Attached Opinion.
For the Court
BY: _________________________ WILLIAM H. HARSHA, JUDGE
[1] Section 545.05 (A)(1) of the Wellston Codified Ordinances states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent * * *." The ordinance is identical to Ohio's theft statute. See R.C. 2913.02 (A)(1).
[2] After Manring's testimony, the appellant moved for an acquittal under Crim.R. 29, arguing that the city's evidence was insufficient to support a conviction. The trial court denied the motion. The appellant does not challenge the denial of the Crim.R. 29 motion on this appeal.
[3] The appellant is not discharged. Unlike a reversal based oninsufficient evidence, a reversal based on the weight
of the evidence "does not mean that acquittal was the only proper verdict * * *." Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211,2218, 72 L.Ed.2d 652. Instead, our decision reflects a disagreement with the factfinder's resolution of the evidence. Thus, a reversal based on the weight of the evidence is akin to a hung jury rather than a judgment of acquittal. See id. Accordingly, when an appellate court reverses a conviction on weight-of-the-evidence grounds, a remand for a new trial is appropriate. See State v. Weber (1997), 124 Ohio App.3d 451,466-67; State v. Martin (1983), 20 Ohio App.3d 172, 175;State v. Ashbrook (Apr. 30, 1997), Hamilton App. No. C-960535, unreported; see, also, State v. Whaley (Nov. 20, 1996), Jackson App. No. 95CA772, unreported (noting that a reversal based on weight of the evidence may result in new trial, but reversal based on insufficient evidence results in discharge of defendant)
NOTICE TO COUNSEL
 Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.